

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 8, 2021

**BY ECF AND EMAIL**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street New York, New York 10007

    Re:    <u>*United States v. Hayes, et al.*, 20 Cr. 500 (JGK)</u>

Dear Judge Koeltl:

    The Government writes in response to the letter of defendant Samuel Reed, joined by Ben Delo, dated April 1, 2021 ("Reed Ltr.").[1]

    **I.**    ***Brady* Disclosures**

    Reed requests that the Court schedule a "conference to discuss . . . the government's continued failure to provide information and materials required under *Brady v. Maryland*." Reed Ltr. at 1. The Government has made seven document productions to Mr. Reed in this case, constituting hundreds of thousands of pages of materials, and in those productions has (or will soon[2]) produced all information potentially material to the defense.[3] As the Government has consistently made clear to defense counsel and the Court, the Government has gone beyond its Rule 16 obligations, and voluntarily agreed to produce to the defendant materials subject to disclosure under 18 U.S.C. § 3500, normally provided to the defendant much closer to trial, on a far earlier schedule. Dkt. No. 23 (Protective Order) ¶¶ 1, 3 (describing the Government's "voluntarily agree[ing] to provide [3500 materials] to the defendant earlier than as provided in the statute.") Beyond these ample, near open-file document productions, the Government has also provided detailed responses regarding examples[4] of *Brady* materials known to the Government.

---

[1] The parties have also discussed potential redactions to the exhibits referenced in the Reed Letter, and expect to file proposed redactions with the Court soon.

[2] As is clear in the letter exchanges between the Government and Reed's counsel, the Government is continuing to process certain documents that it recently obtained so that it can produce those documents to Reed.

[3] The Government made a typo in its January 15, 2021 letter to Reed's counsel. The Government intended to refer only to document 3516-169; the 3500 material for that witness currently ends at 3516-169; there is no document Bates stamped 3516-170.

[4] The Government notes also what it means and meant by the term "example." The Government has identified to Reed's counsel documents the Government has specifically identified during its investigation that are potentially exculpatory and within the categories described in Reed's January

As his letter to the Court and ongoing letters to the Government make clear, Reed is not seeking *production* of materials pursuant to *Brady*, since the Government has already or will soon provide those materials. Instead, he is requesting that the Government "prepare both sides of the case at once," simultaneously reviewing all of the voluminous document productions for inculpatory materials and for exculpatory materials as-yet-unknown to the Government. *United States v. Ohle*, No. S3 08 CR 1109 JSR, 2011 WL 651849, at *4 (S.D.N.Y. Feb. 7, 2011) (rejecting such a requirement), *aff'd*, 441 F. App'x 798 (2d Cir. 2011). There is simply no basis for *that* request: "[a]bsent prosecutorial misconduct," the fact that the Government made "voluminous" productions "does not run afoul of *Brady*." *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 825 F. Supp. 2d 451, 455 (S.D.N.Y. 2011). Even the few cases Reed cites where courts have considered such relief are wholly inapposite. *Cf. United States v. Thomas*, 981 F. Supp. 2d 229, 239–40 (S.D.N.Y. 2013) (holding that the Government violated *Brady* when it disclosed exculpatory material in a sidebar during witness testimony during trial; here by contrast, the Government has identified, far in advance of any trial, potentially exculpatory materials in a specific letter, when *Brady* "does not require the Government to seek out such information like a private investigator and valet . . . gathering evidence and delivering it to opposing counsel.").[5]

## II.    Filter Team Review

Reed also requests additional information regarding the Government's use of a Filter Team in this case.

As a preliminary matter, and contrary to Reed's assertion, the Filter Team has not "identified as privileged" any materials as part of its filter review. Rather, as described in the Government's correspondence, the Filter Team has segregated certain materials from the Investigative Team as potentially privileged.

---

9, 2021 Letter. As to certain categories of potentially exculpatory documents, within the Government's productions are hundreds (if not thousands) of documents that have precisely the same form language and are thus exculpatory in the same way. The Government has not identified, within its voluminous and searchable productions, every instance where such form language appears, but instead identified one example of such language. For instance, the Government identified to the defendant an email where a BitMEX employee uses an email footer that reads "Transacting on BitMEX is not permitted for, or offered or available to, any person(s) located in or being resident(s) of (i) the United States of America." US_00176422. The Government's productions include hundreds if not thousands of emails with precisely the same footer. The Government does not understand its *Brady* obligations to include identifying every single instance in its searchable productions in which a BitMEX employee uses such a footer.

[5] Other cases cited in the defendant's letters make clear the quite different circumstances in which courts have ordered the Government to review prior productions for potential *Brady* materials. *Cf. United States v. Saffarinia*, 424 F. Supp. 3d 46, 88 (D.D.C. 2020) (requiring the Government to review prior productions and identify *Brady/Giglio*, *inter alia*, because the defendant was "represented by 'a relatively small defense team,'" particularly one "handling th[e] matter *pro bono* with 'time constraints' and 'limited financial resources.'").

Neither Reed nor Ben Delo are a potential privilege holder for any of the information that the Filter Team reviewed or segregated as potentially privileged. The potential privilege holders include BitMEX and Arthur Hayes, as well as third parties who have not been charged in this case. The potential privileges at issue are the attorney-client privilege and spousal privilege.

There is no basis for Reed's attack on the Government's use of a Filter Team, and Reed's reliance on *U.S. v. Stewart*, No. 02 CR. 396 (JGK), 2002 WL 1300059, at *8 (S.D.N.Y. June 11, 2002) and *In re Search Warrant for Law Offices Executed on Mar. 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) are misplaced. Those cases both involved dramatically different circumstances, namely "exceptional" circumstances in which the Government intentionally seized attorney files. *Stewart*, 2002 WL 1300059, at *7. Here by contrast, no attorney files have been seized, and instead, the Government has utilized a Filter Team in an abundance of caution to review potentially privileged materials obtained from non-attorney sources in the ordinary course of its investigation.[6] Moreover, the documents in question were not obtained from Reed and do not implicate potential privileges held by him. Accordingly, he has no standing to challenge the review procedures used by the Government even if they were otherwise subject to such challenge.

Finally, the additional information Reed requests is beyond the scope of discovery. A log of the Filter Team's work, the information segregated by the Filter Team as potentially privileged, and the identities of the Filter Team members are not Rule 16 materials subject to discovery, particularly to a non-privilege holder. The fact that the Government made a voluntary disclosure of the existence of the Filter Team and produced limited Section 3500 materials relating to material provided to the Filter Team for review does not render the Government's internal privilege review

---

[6] Contrary to Reed's letter, the Filter Team has *not* "allowed privileged information to reach the prosecution team in this case." Reed Ltr. at 3. This statement is apparently based on a misunderstanding of the Government's December 15, 2020 Letter, appended as Exhibit F to the Reed Letter. In the December 15, 2020 Letter, the Government notified Reed that members of the Investigative Team realized upon review of document 3516-155 that the document potentially implicated a privilege *and then* sent that document to the Filter Team for review and redaction. Ex. F ("the materials produced at 3517-1, 3518- 1, 3519-1, and 3519-2 [as described in Exhibit F, these reports were created by members of the Investigative Team, FBI Special Agents Elizabeth Kudirka and Todd McGee, and AUSA Jessica Greenwood] discuss the SDNY Investigative Team's access to 3516-155 *prior* to its review and redaction by the Filter Team.") (emphasis added).

process discoverable.

                                              Respectfully submitted,

                                              AUDREY STRAUSS
                                              United States Attorney

By:    /s/
        Samuel Raymond
        Jessica Greenwood
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-6519/1090