# EXHIBIT 12

AO 106 (SDNY Rev. 01/17) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
(1) the Forensic Image of an Apple iPhone 11 Pro Max, IMEI Number
████████, created on or about November 15, 2019;
(2) the Forensic Image of an Apple iPhone 6s, IMEI Number
████████, created on or about November 15, 2019; and
(3) a Seagate Hard Drive, Serial Number ████████

)
)
)
)
)
)
)

Case No. 19 MAG 11706

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

(1) the Forensic Image of an Apple iPhone 11 Pro Max, IMEI Number 353959100775675, created on or about November 15, 2019;  (2) the Forensic Image of an Apple iPhone 6s, IMEI Number 353264079483991, created on or about November 15, 2019; and (3) a Seagate Hard Drive, Serial Number WL1B8AQ25

located in the _____Southern_____ District of _____New York_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

X ☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| 31 USC 5322 | Bank Secrecy Act violations |
| 50 USC 1701 | Sanctions violations under International Emergency Economic Powers Act |
| 18 USC 1519 | Obstruction of justice |

The application is based on these facts:

See Attached Affidavit and its Attachment A

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Elizabeth A. Kudirka, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____12/13/2019____

_____
*Judge's signature*

City and state:  New York, NY

U.S. Magistrate Judge Sarah L. Cave
*Printed name and title*

US_00002469

CONFIDENTIAL MATERIAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

In the Matter of the Application of the United
States Of America for a Search and Seizure
Warrant for:

    (1) the Forensic Image of an Apple iPhone 11
        Pro      Max,      IMEI      Number
        ███████ created on or about
        November 15, 2019;

    (2) the Forensic Image of an Apple iPhone 6s,
        IMEI Number ███████████ created
        on or about November 15, 2019; and

    (3) a Seagate Hard Drive, Serial Number
        ███████

(collectively, the "Subject Data").

-------------------------------------------------------

**19MAG11706**

**TO BE FILED UNDER SEAL**

**Agent Affidavit in Support of
Application for Search and Seizure
Warrant**

SOUTHERN DISTRICT OF NEW YORK) ss.:

    ELIZABETH A. KUDIRKA, being duly sworn, deposes and says:

## I.  Introduction

### A.  Affiant

1.    I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am a sworn officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated by 18 U.S.C. § 2516. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") since May 2018. Prior to becoming a Special Agent, I was an Investigative Specialist for the FBI, where I conducted surveillance operations in furtherance of counter terrorism, counterintelligence, criminal, and cyber investigations for three years. As a Special Agent, I attended a 20-week basic field training course where I received extensive training in law, investigative techniques, surveillance, tactics, and firearms. During that course, I received blocks of instruction on complex

2

2017.08.02

US_00002470

**CONFIDENTIAL MATERIAL**

financial crimes including money laundering and securities fraud. I have also completed FBI web-based instructional courses on complex financial crimes. I have examined digital evidence related to financial crimes cases, conducted numerous interviews of witnesses and victims, worked with several confidential human sources, participated in the execution of multiple search warrants and arrest warrants, monitored Title III wires and reviewed financial records.

2.    I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the forensic images and electronic device specified below (the "Subject Data") for the items and information described in Attachment A. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### B.  The Subject Data

3.    The Subject Data are particularly described as:

a.    the Forensic Image of an Apple iPhone 11 Pro Max, IMEI Number ███████████ created on or about November 15, 2019 ("Forensic Image-1" and "Subject Device-1," respectively);

b.    the Forensic Image of an Apple iPhone 6s, IMEI Number ███████████ created on or about November 15, 2019 ("Forensic Image-2" and "Subject Device-2," respectively); and

3

2017.08.02

US_00002471

CONFIDENTIAL MATERIAL

the International Emergency Economic Powers Act ("IEEPA").  The FBI is also investigating obstruction of justice by a former BitMEX employee.

9.    BitMEX (or the Bitcoin Mercantile Exchange) is a cryptocurrency exchange and derivative trading platform.  BitMEX is owned and operated by "HDR Global Trading Limited," which is incorporated in the Seychelles and has a number of subsidiaries and affiliates registered in China, the United States, and elsewhere.

10.    From my involvement in this investigation, and as set forth in more detail below, I submit that probable cause exists to believe that, since at least in or about 2014 and continuing through the present, BitMEX has operated within the United States, and/or has sold or offered to sell futures contracts to customers in the United States, and is therefore required to register as a Futures Commission Merchant ("FCM") with the U.S. Commodity Futures Trading Commission ("CFTC"), *see, e.g.*, 7 U.S.C. § 6d(a); *id.* § 1a(28)(A)(i)(aa)(AA); (2) because BitMEX is required to register with the CFTC (although it has never so registered), BitMEX is subject to the BSA, *see* 31 U.S.C. § 312(c)(1)(A); and (3) BitMEX and certain of its current and former employees have willfully violated and/or willfully caused BitMEX to violate the BSA's controls, reporting, and recordkeeping requirements by, among other things, failing to adopt adequate controls for accountholder verification, anti-money laundering, and anti-terrorist financing.

11.    Respecting IEEPA, the investigation concerns certain transactions that BitMEX— which is majority beneficially owned by two U.S. citizens—engaged in with customers located in Iran, in violation of U.S. sanctions.

12.    Finally, in the course of this investigation, the FBI has identified evidence that a former BitMEX employee obstructed justice by destroying relevant evidence before voluntarily meeting with the FBI and attorneys for the Government.

5

2017.08.02

US_00002473

**CONFIDENTIAL MATERIAL**

customer identification if an account was compromised or lost access.[1] As Dwyer described, a customer only needs a first name and last name, an email address, and a password to register for BitMEX, but BitMEX does not take steps upon signup to check the first and last name provided against any form of identification. Based on the information described in paragraph 17 above, Dwyer appears to be mistaken about the fact that BitMEX users needed a first and last name to register with the platform.

19.    In or about November 2019, I interviewed a former BitMEX employee ("Witness-1")[2]. During those interviews, Witness-1 stated the following, in substance and in part:

a.    Witness-1 is a former employee of BitMEX. In Witness-1's role at BitMEX, Witness-1 was familiar with ███████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

b.    During Witness-1's tenure at BitMEX, BitMEX did not have formal know your customer verification upon customer registration and only attempted to verify accountholder

---

[1] When asked about know your customer policies during the Hayes Deposition, Hayes claimed that BitMEX has "risk-based" know-your-customer policies and procedures in which "certain actions by users or customers will trigger [BitMEX] to ask for additional information before they are allowed to continue[] operating on the platform." Hayes claimed that these risk-based policies are triggered in three specific circumstances: (1) if a customer is flagged as coming from a restricted jurisdiction and challenges that designation; (2) if a customer loses their two-factor authentication code; and (3) if one of the BitMEX founders in reviewing customer withdrawal activity notices "something out of place." Hayes acknowledged that this process did not apply to all customer accounts and nowhere claimed that BitMEX collected or verified accountholder identification across its customer base – data that would seem to be necessary to the assessment of risk associated with a particular customer in a "risk-based" KYC program.

[2] Witness-1 is cooperating with the Government's investigation i███████████████
███████████████████ urther, and as described in more detail below, Witness-1 may face criminal exposure for obstruction; no promises regarding leniency as to any potential charges have been extended to Witness-1.

9

2017.08.02

US_00002477

**CONFIDENTIAL MATERIAL**

identification in limited situations such as when a customer lost their two-factor authentication or for email changes; BitMEX did not have anti-money laundering policies or controls; BitMEX did not file suspicious activity reports (or "SARS") with the U.S. government; and BitMEX did not have policies or procedures for identifying transactions subject to U.S. sanctions.

### Iranian Customers and OFAC Self-Disclosure

20.    Based on my review of records provided by BitMEX in response to a grand jury subpoena, I have learned, among other facts, that on or about September 19, 2019, BitMEX made a self-disclosure to OFAC of "potential apparent violations" of U.S. sanctions based on BitMEX's identification of "a number of account-holders that may have accessed the exchange from Iran." The letter further stated that BitMEX is majority beneficially owned by U.S. persons.

21.    Based on my review of an electronic chat that was obtained from BitMEX pursuant to a grand jury subpoena, I have learned, among other facts, that in or November 2018, BitMEX co-founder Ben Delo had a conversation with another BitMEX employee regarding the existing IP controls at BitMEX and explaining, in substance and in part, that a revised approach would have the benefit of "strict enforcement of US sanctions against Iran etc." because the IP geolocation data used by BitMEX "is stale (from 2 months ago)" such that BitMEX "currently let[s] these people [*i.e.*, customers operating from Iranian IP addresses] slip through the cracks."

### Witness-1's Destruction of Evidence

22.    Based on my participation in interviews of Witness-1, I have learned, among other facts, that in the days prior to Witness-1 meeting with the FBI and attorneys for the Government, Witness-1 deleted information from Subject Device-1 and Subject Device-2 relating to Witness-1's employment at BitMEX and BitMEX's operations, including evidence of BitMEX having U.S. customers.

10

2017.08.02

US_00002478

**CONFIDENTIAL MATERIAL**

23.    Based on my participation in interviews of Witness-1, I have learned, among other facts, that in the days prior to Witness-1 meeting with the FBI and attorneys for the Government, Witness-1 directed a third party to destroy Subject Device-3, a hard drive that contained certain data that Witness-1 had saved from Witness-1's corporate laptop while an employee at BitMEX. This data included files that Witness-1 had previously provided to the CFTC and that evidenced, among other things, that BitMEX had transacted with persons in the United States and Iran. According to Witness-1, Subject Device-3 also included other materials that were not provided to the CFTC but that related to BitMEX's operations, including its trading practices and failures of know-your-customer protocols.

**B.  Probable Cause Justifying Search of the Subject Data**

24.    Based on my participation in interviews of Witness-1 in or about November 2019, I have learned the following facts, among others:

a.    Witness-1 stored information concerning Witness-1's employment at BitMEX on Subject Device-1 and Subject Device-2, including information that Witness-1 deleted or attempted to delete in the days prior to Witness-1 meeting with the FBI and attorneys for the Government, and other information that remained on Subject Device-1 and Subject Device-2.

b.    For example, Witness-1 described using Witness-1's cellphones to communicate with other employees at BitMEX and taking photographs of BitMEX's office space, BitMEX events, and BitMEX corporate documents using those cellphones. Witness-1 showed me examples of certain saved copies of these photographs and described additional screenshots that Witness-1 had deleted from Subject Device-1 and Subject Device-2, including evidence of U.S. customers on the BitMEX platform.

11

2017.08.02

US_00002479

**CONFIDENTIAL MATERIAL**

c.      Witness-1 used a Cloud-based program to save and access data on Subject Device-1 and Subject Device-2, so that materials to which Witness-1 had access on one device was also accessible to Witness-1 on the other device.

d.      Witness-1 also stored information relating to BitMEX's operations, including its transactions with persons located in the United States and Iran, on Subject Device-3. For example, Witness-1 stated that the types of information that Witness-1 would have saved to Witness-1's BitMEX laptop and backed up to Subject Device-3 would include, among other types of materials, screenshots of information that Witness-1 used in Witness-1's work at BitMEX, information concerning customer withdrawals, and customer support tickets.

e.      In the days prior to Witness-1 meeting with the FBI and attorneys for the Government, Witness-1 directed a third party to destroy Subject Device-3.  At the FBI's instruction, during my meetings with Witness-1 in or about November 2019, Witness-1 directed that same third party to mail Subject Device-3 to the FBI.  The FBI received Subject Device-3 by mail on or about December 4, 2019.  I have seen Subject Device-3 in its current condition, and based on my observations and training and experience, the connectors used to plug the drive into a computer appear damaged but the drive is otherwise intact and the data contained thereon is likely recoverable.

f.      As noted in paragraph 17(a) above, Witness-1 is a former employee of BitMEX.  In Witness-1's role at BitMEX, Witness-1 was familiar with ██████████████████ █████████████████████████████████████ Witness-1 was first in communication with employees of BitMEX beginning in or about ███████████ and has been in contact with BitMEX employees and/or customers throughout ██████████ continuing through the present.

12

2017.08.02

US_00002480

CONFIDENTIAL MATERIAL

25.     Computer files or remnants of such files can be recovered months or even years after they have been created or saved on an electronic device such as Subject Device-1, Subject Device-2, and Subject Device-3.  Even when such files have been deleted, they can often be recovered, depending on how the device or hard drive has subsequently been used, months or years later with forensics tools.  Thus, the ability to retrieve from information from the Subject Data depends less on when the information was first created or saved than on a particular user's device configuration, storage capacity, and computer habits.

26.     Based on the foregoing, I respectfully submit there is probable cause to believe that BitMEX and certain of its current and former employees have willfully committed or caused to be committed violations of the BSA, as a result of BitMEX's failure to institute know-your-customer controls and other BSA-required measures; that BitMEX and its U.S. owners have violated the IEEPA by engaging in transactions with individuals located in jurisdictions subject to U.S. sanctions; and that Witness-1 has obstructed justice by altering or destroying records, documents, and tangible objects relevant to this investigation and with the intent to impede or obstruction this investigation, and that evidence of these criminal activities are likely to be found on the subject Data.

### III.  Procedures for Searching ESI

#### A.  Review of ESI

27.     Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) will review the ESI contained on the forensic images of the Subject Devices for information responsive to the warrant.

13

2017.08.02

US_00002481

CONFIDENTIAL MATERIAL