# EXHIBIT 20

**Douglas K. Yatter**
Direct Dial: (212) 906-1211
douglas.yatter@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 11, 2021

**VIA E-MAIL**

Jessica Greenwood
Samuel Raymond
Assistant United States Attorneys
United States Attorney's Office
1 St. Andrew's Plaza
New York, New York  10007

Re:  *United States v. Hayes et al.*, No. 20 Cr. 500 (JGK)

Dear Ms. Greenwood and Mr. Raymond:

We write in response to your e-mail of February 8, 2021 (the "Gov. Feb. 8 E-mail") regarding the Government's discovery obligations and productions to Samuel Reed ("Mr. Reed") and your productions of February 8, 2021 and March 2, 2021.  This letter also follows up on our letters to you of October 20, 2020 (the "Rule 16 Letter"), January 9, 2021 (the "Def. Jan. 9 Letter"), and February 2, 2021 (the "Def. Feb. 2 Letter"), your letter of January 15, 2021 (the "Gov. Jan. 15 Letter"), your prior productions of November 10, 2020, December 11, 2020, December 15, 2020, January 22, 2021, and February 4, 2021, and our e-mail correspondence regarding the productions.  As we continue to review documents and other materials, we reserve the right to raise additional discovery issues in due course.

A.    Future Productions and Reproductions

The Government's productions remain incomplete and have continued to proceed on a slower basis than the Government has represented.

For example, the Government informed us on February 8, 2021 that it had "3 data sets currently awaiting production":  (1) "HDR Global Trading Subpoena Returns stamped US_00698031-US_00743248"; (2) "HDR Global Trading Subpoena Returns received 1/25/21"; and (3) "⬛⬛⬛⬛⬛⬛⬛⬛ Subpoena Returns received 2/6/21."  Gov. Feb. 8 E-mail.  Regarding set (1), the Government represented it intended to produce those materials by hard drive "in the next week," but it was not produced until three weeks later on March 2, 2021.  *Id.*  The Government still has not produced or provided any further update on sets (2) and (3), each of which has been

March 11, 2021
Page 2

LATHAM&WATKINS LLP

in the Government's possession for more than one month.[1]  These delays, coupled with the Government's repeated refusal to provide firm details on the timing and scope of outstanding productions, continue to impede Mr. Reed's ability to prepare his defense on the timeline envisioned by the Court.

The Government has also failed to provide information and materials relating to certain previously-produced discovery on the timelines represented to Mr. Reed.  For example:

- On February 8, 2021, the Government agreed to reproduce all Section 3500 material with page-level bates stamping and stated that it expected to do so "in the next two weeks."  Gov. Feb. 8 E-mail.

- In response to our request for all production cover letters provided to the Government by third parties that accompanied each responsive third party production, the Government stated on February 8, 2021 that it would "confirm within two weeks whether all production cover letters from third parties have been produced or produce any additional production cover letters."  *Id.*

- Pursuant to our e-mail correspondence of December 15-16, 2020, we confirmed we would honor the clawback request made by HDR Global Trading Ltd. to the Government relating to certain documents[2] based on your representation that the Government would produce redacted copies of the documents that had previously been produced to the Government.

- In its January 15, 2021 letter, the Government described a forthcoming production of additional Section 3500 material for Witness-1 which the Government characterized as *Brady* material.  That description referenced a forthcoming witness statement with bates stamp 3516-170.  Gov. Jan. 15 Letter at 3.

To our knowledge, the Government has not yet produced any of the information or materials described above.  We respectfully request that the Government provide (1) an update on the scope of all outstanding discovery and a realistic timeline for production of that discovery and (2) an update on the status of the information and materials noted in the items above.

B.    Witness-1 Hard Drive

Several Section 3500 documents relating to Witness-1 reference a hard drive from a laptop computer purchased by BitMEX and containing, among other things, BitMEX corporate documents that Witness-1 retained after his employment with BitMEX ended and that he shipped

---

[1] If the Government's March 2 production contains the documents from set (2), please advise us accordingly.

[2] US_00575860 (BMX-SDNY-10161355); US_00277572 (BMX-SDNY-00161315); US_00628822 (BMX-SDNY3-00007372); US_00632615 (BMX-SDNY3-00011165); and US_00632621 (BMX-SDNY3-00011171) together with its attachment.

LATHAM&WATKINS LLP

to the FBI on December 4, 2019. *See* 3516-3, 3516-12, 3516-14, 3516-32, 3516-165. Based on our review of documents to date, we have identified two PDF documents containing photographic images of that hard drive in the Government's productions. *See* US_00017516, US_00017517. It is unclear, however, if the Government has produced any content from that hard drive. For the absence of any doubt, we respectfully request that the Government confirm it is in possession of the hard drive referenced in the above-cited documents, identify any and all documents or other materials in the Government's productions that contain contents of the hard drive, and immediately produce the original hard drive or a forensic copy of it to the defense. A forensic image is required to permit our effective defense of Mr. Reed and to prepare for trial.

C.    Taint Team Review

We have repeatedly asked the Government for information about its use of a Taint Team. It has now been two months since we first requested basic information about the Taint Team and the potentially privileged materials implicated by the Taint Team process, and the Government has provided no substantive response whatsoever. *See* Def. Jan. 9 Letter at 3; Gov. Jan. 15 Letter at 2; Gov. Feb. 8 E-mail. The Government has also ignored our request of February 2, 2021 for the name, contact information, and unit of all members of the Taint Team who worked on this matter. *See* Def. Feb. 2 Letter at 3.

That the Government disclosed the existence of a Taint Team and improper disclosure of privileged information to the investigation team, but has been unable or unwilling for two months to respond to our requests for additional information, is extremely concerning. As noted in our prior correspondence, the use and efficacy of Taint Team walls to filter privileged information in the context of a criminal prosecution is "highly questionable." *United States v. Stewart*, No. 02 CR. 396 JGK, 2002 WL 1300059, at *8 (S.D.N.Y. June 11, 2002) (quoting *In re Search Warrant for Law Offices Executed on Mar. 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994)). Accordingly, we renew our request for the information described in our January 9 and February 2 letters, and we respectfully request that the Government provide this information (or confirm if it refuses to do so) by March 19, 2021, otherwise we'll assume that Court intervention is required.

D.    *Brady* Material

In our letter of February 2, 2021, we noted that while the Government identified examples of *Brady* material in its January 15, 2021 letter, identification of examples is insufficient for the Government to meet its obligations. *See* Def. Feb. 2 Letter at 3–4 (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Saffarinia*, 424 F. Supp. 3d 46, 86, 90 (D.D.C. 2020); *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013); Order, Nov. 2, 2020, ECF No. 21). On that basis, we reiterated our request that the Government immediately produce all *Brady* material in its possession, including but not limited to material responsive to paragraphs D.1-12 in our January 9 letter, the names of all unnamed Government sources and witnesses, and any other information or material required under *Brady* and its progeny, whether in your files or in the possession of the U.S. Commodity Futures Trading Commission or other government offices. Def. Feb. 2 Letter at 5. More than one month later, we have received no response from the Government regarding that continued request.

LATHAM&WATKINS LLP

Notably, certain of the outstanding material identified in the preceding sections of this letter qualifies as *Brady* material. For example, the Government itself identified document 3516-170 relating to Witness-1 as *Brady* material and noted in its January 15, 2021 letter that the Government would produce it in a forthcoming production, but it has still not been produced to date. *See* Gov. Jan. 15 Letter at 3. Similarly, the hard drive possessed by Witness-1 and shipped to the Government on December 4, 2019 has not yet been produced. *See* 3516-3. These examples, among the others identified in our previous correspondence, underscore our concerns about the sufficiency of the Government's *Brady* disclosures and the timeline on which *Brady* material is being identified and produced to Mr. Reed. *See* Order, Dec. 11, 2020, ECF No. 24 at 1 (ordering the Government to identify and produce *Brady* material to Mr. Reed "promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case"). We respectfully request that the Government immediately produce all material required under *Brady* and its progeny, as set forth above and in our prior correspondence.

*        *        *

We reserve the right, consistent with the discussion with the Court at the February 9, 2021 status conference, to raise these issues with the Court should the Government refuse to provide the information and materials requested. We appreciate your attention to these matters and are available to discuss at your convenience.

Very truly yours,

/s/ Douglas K. Yatter
Douglas K. Yatter
Benjamin A. Naftalis
of LATHAM & WATKINS LLP