# EXHIBIT 24

**Douglas K. Yatter**
Direct Dial: (212) 906-1211
douglas.yatter@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

May 3, 2021

## VIA E-MAIL

Jessica Greenwood
Samuel Raymond
Assistant United States Attorneys
Southern District of New York
1 St. Andrew's Plaza
New York, New York  10007

Re:      ***United States v. Hayes et al.*, 20 Cr. 500 (JGK)**

Dear Ms. Greenwood and Mr. Raymond:

We write on behalf of our client Samuel Reed ("Mr. Reed") in response to your letter to us of April 14, 2021 (the "Gov. Apr. 14 Letter"), your letters to the Court of April 8, 2021 (ECF No. 44) and April 14, 2021 (ECF No. 53), and the April 14, 2021 discovery conference before Judge Koeltl (the "Apr. 14 Conference").

A.      Taint Team

We understand you intend to provide information and documents concerning the government's use of a taint team to counsel for Arthur Hayes and counsel for BitMEX.  *See, e.g.*, ECF No. 53 at 1-2; Apr. 14 Conference Tr. at 13:6-21.  Mr. Reed reserves all rights concerning the prior requests and concerns raised regarding the taint team.  In addition, to the extent the government, whether through the prosecution team or the taint team, identifies any additional privileges implicated by the material in its possession beyond those you have previously identified to us, or identifies any additional instances of privileged material in the possession of the prosecution team, we hereby request to be informed of that information promptly.

B.      *Brady* and *Giglio* Material

We understand the government's position to be that it has produced and identified all *Brady* and *Giglio* materials presently known to the government in the files in your office's possession.  Apr. 14 Conference Tr. at 23:2-26:3.  Should the government identify additional exculpatory information from the materials in your office's possession, we request and expect that the government shall promptly identify that material.  *See* Order, Nov. 2, 2020, ECF No. 21; Order, Dec. 11, 2020, ECF No. 24; Apr. 14 Conference Tr. at 26:9-13 ("I take it, from what the parties have said, that the government represents it's acting in good faith.  If it's aware of *Brady*

LATHAM&WATKINS LLP

material, it brings it to the attention of the defense.  There is no effort to hide *Brady* material in a mass of documents otherwise produced to the defense.").

You have stated that the government has no obligation to review the CFTC's files for *Brady* and *Giglio* material because the CFTC's investigation was "parallel to" your own investigation and "not a joint investigation."  Apr. 14 Conference Tr. at 22:15-16.  That position is unsupported by the instant facts or the governing law, which makes clear that because the investigation was joint, your "duty extends to reviewing the materials in the possession of [the] other agency for *Brady* evidence."  *United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012).  "For *Brady* purposes, it is enough" for a joint investigation to exist if "the agencies are engaged in joint fact-gathering, even if they are making separate investigatory or charging decisions, because the purpose of *Brady* is to apprise the defendant of exculpatory evidence obtained during the fact-gathering that might not otherwise be available to the defendant."  *Id.* at 494; *see also* Order, *United States v. Bases, et al.*, 18-CR-48 (JZL), at *11-*12 (N.D. Ill. Feb. 24, 2021).

Here, there are already numerous identifiable factors demonstrating the joint nature of the government's investigation.  For example:

- Your office publicly "thanked the attorneys and investigators at the CFTC for offering their expertise in the development of this investigation."  The CFTC echoed this sentiment by issuing a statement the same day with similar praise for the U.S. Attorney's Office and FBI.

- The government obtained numerous materials from the CFTC, including, for example, Wells Briefings (by the company and individuals); a presentation made by counsel for HDR Global Trading to the CFTC; CFTC deposition transcripts and exhibits; and numerous third-party productions made to the CFTC.

- The government relied on CFTC materials as the probable cause asserted to obtain search warrants in this matter.

- The government relied on material learned from a CFTC ▮▮▮▮▮▮▮ ("Witness-1"), who first contacted the CFTC and subsequently contacted your office using contact information provided by the CFTC.

- The CFTC participated in the FBI's interviews of Witness-1.

- The agencies coordinated to unseal the indictment and file the CFTC complaint on the same morning within minutes of each other, and the allegations in this action track and rely on theories alleged in the CFTC's action.

Accordingly, the government is obligated to review the CFTC's files and to produce all *Brady* and *Giglio* material therein.  Please let us know the government's position on this by <u>May 7, 2021</u>.  If the government does not confirm it will review the CFTC's files for relevant material by the deadline specified, we will move the Court accordingly.

LATHAM&WATKINS LLP

C.    Witness-1 Devices

We have asked the government to (1) confirm it is in possession of Witness-1's hard drive, Apple iPhone 11 Pro Max, and Apple iPhone 6s (the "Witness-1 Devices"); (2) identify any and all documents or other materials in the government's productions that contain contents from the Witness-1 Devices; and (3) immediately produce the Witness-1 Devices or forensic copies of the Witness-1 Devices.  Def. Mar. 11 Letter at 2-3, Def. Apr. 13 Letter at 1-2.  The government argues that Mr. Reed is not entitled to obtain the original Witness-1 Devices or forensic copies thereof because the Witness-1 Devices "do not belong to defendants or the company."  Apr. 14 Conference Tr. at 34:10.  Whatever that means, the government's position is unsupported.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure states that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."  Fed. R. Crim. P. 16(a)(1)(E).  Evidence is material "if it could be used to counter the government's case or to bolster a defense."  *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993).  Courts in this Circuit have held that "[t]he Government should interpret the language of Rule 16 broadly to ensure fairness to the defendant."  *United States v. Martinez*, 844 F. Supp. 975, 982 (S.D.N.Y. 1994); *see also United States v. Stein*, 488 F. Supp. 2d 350, 356 (S.D.N.Y. 2007) (citation omitted) (stating that meeting the materiality standard of Rule 16 "normally is not a heavy burden"); *United States v. Savedoff*, No. 16-CR-41G, 2017 WL 2305751, at *1-3 (W.D.N.Y. May 25, 2017) (ordering government to produce entire copy of hard drive in its possession that former employee of defendant's alleged victim voluntarily turned over to it, and finding materiality met because defendant "should have a chance to explore [a] possible defense theory" related to employee and victim).

The government has confirmed it "is in possession of the [Witness-1] hard drive" and has represented that it has at least the forensic copies of the two Witness-1 iPhones.  Gov. Apr. 14 Letter at 1 (noting that "[t]he Government is engaging in a further review of the [Witness-1 iPhone 6s] forensic image" and that "the Government has not been able to search the forensic image [of the Witness-1 iPhone 11 Pro Max] in the Government's possession").  These are clearly tangible objects, data, and documents.  The government has also conceded that information on the Witness-1 Devices is "potentially material to [Mr. Reed's] defense."  Apr. 14 Conference Tr. at 34:12-13.  Accordingly, under the plain direction of Rule 16, these Witness-1 Devices should be made available for Mr. Reed's inspection immediately.  Notably, the government pointed to no case that removes these materials from Rule 16 or the government's Rule 16(A)(1)(E) obligation.

The government's conclusory assertions that it is not obligated to provide the Witness-1 Devices or forensic copies thereof do not alter this analysis.  First, the government claims that its apparent inability to search the Witness-1 iPhone 11 Pro Max excuses it from producing the material to Mr. Reed.  Gov. Apr. 14 Letter at 1.  But the government cites no authority, and we

LATHAM&WATKINS LLP

are aware of none, that would support the position that a device is immune from disclosure because of the government's technical errors in accessing data contained therein. *See Martinez*, 844 F. Supp. at 982 (rejecting government's argument that cell phone records were unavailable based on the government's one consultation with a customer service manager regarding the ability to obtain the cell phone records from the device). The purpose of the inspection request is to allow the defense an independent opportunity to review, examine, and test the evidence—regardless of what the government has done with it.

At the April 14 Conference, the government repeatedly cited to *United States v. Collins*, 409 F. Supp. 3d 228 (S.D.N.Y. 2019), for the proposition that it has no obligation to make the Witness-1 Devices or forensic copies thereof available to Mr. Reed. Apr. 14 Conference Tr. at 33:15-25; 34:22-35:6; 36:7-10. That argument also fails. As a preliminary matter, while the court in *Collins* cites to Rule 16, it does so in the same breath as *Brady*, and focuses the analysis regarding the device data at issue under *Brady*, not Rule 16. *Id.* at 243-44. In addition, *Collins* is plainly distinguishable on the facts. For example, there the government represented that it had conducted all appropriate searches and complied with attendant discovery obligations for the data at issue. *Id.* at 243. Here, the government has produced a limited selection of documents from only one of the three Witness-1 Devices and nothing at all from the other two. Nor has it provided any meaningful update to Mr. Reed—noting only that its search of the hard drive is "ongoing" (despite the government having the hard drive for more than 18 months) and that it "has not been able to search the forensic image" of the iPhone 11 Pro Max. *See* Gov. Apr. 14 Ltr. at 1-2. Moreover, the court in *Collins* relied primarily on the third party individual's objection to further searches of the devices in reaching its holding. *Collins*, 409 F. Supp. 3d at 243 (explaining that "the issue is whether or not the Government can be compelled . . . over Individual-5's objection"). Here, Witness-1 has not objected, but in fact has explicitly consented to further searches. *See* Gov. Apr. 14 Ltr. at 1 (noting the Government is engaging in further review of the Witness-1 iPhone 6s "based on consent from Witness-1"). The circumstances here are further different from *Collins* because the government has acknowledged that Witness-1 attempted to destroy and delete evidence from the Witness-1 Devices, reinforcing Mr. Reed's need to review, examine, and test the devices. *See* US_00002487. Simply put, *Collins* does not bar Mr. Reed's requests under Rule 16. The government's refusal to allow a defendant to review and examine original evidence is remarkable.

Accordingly, we renew our requests for the immediate production of the Witness-1 Devices or forensic copies thereof for Mr. Reed's inspection. Please let us know your position on this request by <u>May 7, 2021</u>. If the government does not confirm by the deadline specified that it will provide the devices or forensic copies for review, we intend to move the Court for the appropriate relief.

D.    Technical Production Issues

The government produced a search warrant, issued on September 30, 2020 by Judge Lehrburger, for the search of the Google account, ▬▬▬▬▬▬▬▬▬. *See* US_00002595, US_00002596. However, we have not identified any material in the government's productions responsive to the search warrant or a production set dedicated to such material. Please confirm whether the government obtained any material in response to this

LATHAM & WATKINS LLP

search warrant and, if it did, produce such material or identify it in the government's existing productions.

Additionally, the government has previously represented that it will produce the following material or confirm the following material has been produced; to date, however, we have not yet received those productions or those confirmations:

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," which the government stated on February 8, 2021 was a "data set[ ] currently awaiting production" that the government "just received a hard drive of" and would "assess the size and time needed to process and get back to" us on.  Gov. Feb. 8 E-mail.

- "[A]ll production cover letters from third parties," which the government stated on February 8, 2021 it would confirm had already "been produced or produce any additional production cover letters" "within two weeks."  *Id.*

- "[P]age-level Bates stamps for 3500 materials," which the government stated on February 8, 2021 it "expect[ed] t[o] re-produc[e] . . . in the next two weeks."  *Id.*

Like the 3500 materials, we request that the government also re-produce the two Telegram Export – Whale Club production sets (US_00018601 - US_00018606 in Global Production 05 and US_00018602 - US_00018602 in Global Production 05A) with page-level Bates stamping because they were produced with only folder-level Bates stamping.

We reiterate our request that the government provide an index detailing the content and estimated timeline for all outstanding productions.  *See, e.g.*, Def. Feb. 2 Letter at 2.  Although the government stated in its February 8, 2021 e-mail that it was "address[ing] the timing and technical matters raised in [our] February 2 letter," Gov. Feb. 8 E-mail, it did not then, and has not since, provided us with such an index.

Finally, we again ask that the government confirm in writing whether all discovery—with the exception of materials requested from Bitmex—has in fact been produced to Mr. Reed and (if not) when such productions will be completed.

*        *        *

We appreciate your attention to these matters and are available to discuss at your convenience.

Very truly yours,

/s/ Douglas K. Yatter

Douglas K. Yatter
Benjamin Naftalis
of LATHAM & WATKINS LLP