# EXHIBIT 25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 7, 2021

**BY EMAIL**
Douglas Yatter, Esq.
Benjamin Naftalis, Esq.
Jack McNeily, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Douglas.Yatter@lw.com
Benjamin.Naftalis@lw.com
Jack.McNeily@lw.com
Counsel for Samuel Reed

Re:    **United States v. Samuel Reed, 20 Cr. 500 (JGK)**

Counsel:

The Government writes to respond to your letter of May 3, 2021.

A. *Filter Team*

As the Government has made clear in its letters and at the Court conference on April 14, 2021, the defendant lacks standing to challenge the Government's use of a Filter Team. Further, the method of the Government's review of potentially privileged information is wholly immaterial to the preparation of your client's defense. *United States v. Weigand*, 482 F. Supp. 3d 224, 246 (S.D.N.Y. 2020), as corrected (Sept. 2, 2020) ("Under these circumstances, a 'taint protocol' is not 'material to preparing the defense' and so does not fall within the scope of Rule 16(a)(1)(E)."). The Government has received and will consider your request for an update if the Government identifies additional privileged materials within the possession of the prosecution team.

B. *Brady/Giglio*

Consistent with applicable law, the Government will promptly notify you if it identifies additional information that is potentially exculpatory within its voluminous productions.

As the Government has repeatedly stated including on the record, the United States Attorney's Office's investigation was parallel to, not joint with, the CFTC's investigation, so "the United States Attorney's Office cannot be obligated to produce documents in the custody of the" CFTC. *United States v. Rigas*, No. 02-CR-1236 (LBS), 2008 WL 144824, at *2 (S.D.N.Y. Jan. 15, 2008), *aff'd*, 583 F.3d 108 (2d Cir. 2009). Among other relevant factors, numerous witnesses were interviewed only by the USAO or FBI and without the presence of CFTC personnel;

interviews in which both the USAO and CFTC participated were overwhelmingly arranged by the USAO; the CFTC did not take notes during these interviews; no one from CFTC has been designated as a Special Assistant United States Attorney in the prosecution of this matter; no one from the CFTC was part of the USAO's investigative team; neither agency directed the other regarding investigative avenues; the CFTC was not involved in the grand jury presentation, did not receive transcripts from the grand jury presentation, and has not received or reviewed grand jury subpoena returns; the USAO did not share drafts of the Indictment or prosecution memo and the CFTC did not share drafts of its Complaint or confer on charging decisions. *United States v. Collins*, 409 F. Supp. 3d 228, 242 (S.D.N.Y. 2019), *appeal withdrawn*, No. 19-3051, 2019 WL 7169099 (2d Cir. Oct. 22, 2019) (distinguishing *United States v. Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012)).

C.  *Witness-1 Devices*

As discussed on our May 6, 2021 call, the Government respectfully requests that you specify the nature of your proposed "inspection request" of the Witness-1 Devices or their forensic images, and why the information sought by the inspection is material to the defense. Once you have articulated the precise nature and purpose of your proposed inspection, the Government will promptly evaluate it and inform you if the Government believes it is a valid request under Rule 16.

However, the Government disagrees that you or the defendant are entitled to a substantive review of all materials contained on the Witness-1 Devices. Your position, it appears, is that a criminal defendant is entitled in every case under Rule 16 to review the contents of any electronic device in the Government's possession. That is not the law. The sole case you cite for this proposition, *United States v. Savedoff*, No. 16-CR-41G, 2017 WL 2305751, at *3 (W.D.N.Y. May 25, 2017), is an out-of-district magistrate court decision that itself cites no relevant authority, and contains a single sentence of analysis to support its finding that the entire contents of a hard drive is produceable to the defense under Rule 16.

Furthermore, the Government understands from Witness-1 that certain materials on the Witness-1 Devices are potentially privileged as either attorney-client or spousal communications; and that many of the materials on the Witness-1 Devices are personal and unrelated to this case. You have identified no authority whatsoever that would allow you or your client to review materials potentially subject to a privilege claim by Witness-1, an issue not present in *Savedoff*.

The Government looks forward to further discussion once you have considered possible limitations on your requested review of the Witness-1 Devices and clarified the scope of what you are seeking.

D.  *Technical Production Issues*

On May 4, 2021, the Government produced Global Production 08, which as described in the Government's cover letter consists of FBI reports, public domain information, subpoena returns, and a return from an order pursuant to 18 U.S.C. § 2703(d).

The Government is in possession of the following additional materials that it is preparing to produce: (1) Global Production 09, which will include subpoena returns from HDR Global Trading and ███████████ (2) emails from the accounts ███████████████████ and arthurh3@gmail.com that the Government has determined are responsive to its search warrants for those accounts; (3) a supplemental production of 3500 material; and (4) a newly obtained set of subpoena returns from HDR Global Trading.

The Government is continuing its investigations into Mr. Reed and his co-defendants and recognizes that its discovery obligations are likewise ongoing. The Government is still receiving responsive documents from HDR Global Trading, and will produce those materials as it processes them.

The Government is reviewing and evaluating your request for re-productions of certain materials previously produced to your client, and is also considering and will determine whether it will produce all production cover letters from third parties.

As always, we remain available to discuss any specific questions you might have about any particular item of discovery, or to discuss any additional requests for material that you might have.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:    /s/
       Samuel Raymond
       Jessica Greenwood
       Assistant United States Attorneys
       Southern District of New York
       (212) 637-6519/1090