# EXHIBIT 27

**Douglas K. Yatter**
Direct Dial: (212) 906-1211
douglas.yatter@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

May 19, 2021

**VIA E-MAIL**

Jessica Greenwood
Samuel Raymond
Assistant United States Attorneys
Southern District of New York
1 St. Andrew's Plaza
New York, New York  10007

Re:    *United States v. Hayes et al.*, 20 Cr. 500 (JGK)

Dear Ms. Greenwood and Mr. Raymond:

We write on behalf of our client Samuel Reed ("Mr. Reed") in response to your letters to us of April 14, 2021 (the "Gov. Apr. 14 Letter") and May 7, 2021 (the "Gov. May 7 Letter"), your letters to the Court of April 8, 2021 (ECF No. 44) and April 14, 2021 (ECF No. 53), the April 14, 2021 discovery conference before Judge Koeltl (the "Apr. 14 Conference"), and the May 11, 2021 conference before Judge Koeltl (the "May 11 Conference").

A.    Witness-1 Devices

The government is in possession of a forensic image of Witness-1's Apple iPhone 11 Pro Max (the "iPhone 11"), a forensic image of Witness-1's Apple iPhone 6s (the "iPhone 6s"), and a Seagate Hard Drive Witness-1 provided to the FBI (the "Hard Drive" and collectively with the iPhone 11 and iPhone 6s, the "Witness-1 Devices").  Gov. Apr. 14 Letter.  To date, the government has produced only a limited selection of documents from the iPhone 6s, *see* US_00017516 - US_00018600, and nothing from the iPhone 11 or Hard Drive,[1] even though the government has been in possession of these devices (or forensic images of these devices) for more than 18 months and has disclosed that it has been reviewing the contents of the Hard Drive and iPhone 6s and attempted to conduct a search of the iPhone 11.  Gov. Apr. 14 Letter.

Mr. Reed has demanded discovery and is entitled to inspect the entirety of the Witness-1 Devices under Rule 16.  Under Rule 16, the government must permit defendants to inspect and to

---

[1] The government has produced two PDF documents containing photographic images of the Hard Drive, US_00017516, US_00017517, but not the Hard Drive or its content.

LATHAM&WATKINS LLP

copy or photograph documents, data, and tangible objects material to the defense. Fed. R. Crim. P. 16(a)(1)(E). The Witness-1 Devices and the data contained therein are material to Mr. Reed's defense. The government need look no further than its own affidavits relating to the Witness-1 Devices for an explanation of their materiality. By the government's own account, the iPhone 11 and iPhone 6s contain or potentially contain, among other things, "communicat[ions] with [] employees at BitMEX," "photographs of . . . BitMEX corporate documents," and data relating to "Witness-1's employment at BitMEX and BitMEX's operations, including evidence of BitMEX having U.S. customers." US_00002487 at US_00002509-10. Similarly, the government stated that the Hard Drive contains "information relating to BitMEX's operations, including its transactions with persons located in the United States and Iran." *Id.* at US_00002511. Further, Witness-1 attempted to destroy or delete data from each of the Witness-1 Devices relating to these subjects. *Id*. at US_00002509-10. Plainly, the Witness-1 Devices are material both to the substantive allegations in the case as well as to Witness-1's credibility, biases, and motives as a witness. *See United States v. Savedoff*, No. 16-CR-41G, 2017 WL 2305751, at *2 (W.D.N.Y. May 25, 2017) (ordering government to produce entire copy of hard drive voluntarily submitted by third party witness because defendant "should have a chance to explore [a] possible defense theory" related to both substantive allegations and to witness using the hard drive).

The government does not dispute the materiality of the Witness-1 Devices, but instead states that it "disagrees that [Mr. Reed is] entitled to a substantive review of all materials contained on the Witness-1 Devices" because "[t]hat is not the law." Gov. May 7 Letter at 2. The government cites no supporting precedent nor offers any meaningful refutation of the authority Mr. Reed has cited. *Id.*

Instead, the government pivots to claims of privacy and privilege as bases for withholding the Witness-1 Devices. *Id.* Both bases fail. Documents produced by the government indicate that Witness-1 provided each of the three Witness-1 Devices to the government *voluntarily*. The forensic images of the iPhone 11 and iPhone 6s were created "on or about November 15, 2019," and Witness-1 directed a third party to mail the Hard Drive to the FBI "in or about November 2019." *See* US_00002487 at US_00002502, US_00002511. The government's earliest search and seizure warrant application for the Witness-1 Devices was not filed until December 13, 2019. *See, e.g.*, US_00002469. The government also characterized the Hard Drive as having been *voluntarily* provided by Witness-1 to the government. *See* 3516-3 ("On December 4, 2019, a hard drive was [] voluntarily shipped to the FBI by Witness-1."). By voluntarily providing the Witness-1 Devices to the government, Witness-1 has waived any privilege or privacy claims he might otherwise have had. *See United States v. Gangi*, 1 F. Supp. 2d 256, 263 (S.D.N.Y. 1998) (explaining that a party who voluntarily discloses privileged material waives the privilege for that material). In addition, Witness-1 has consented to continued searches of at least the iPhone 6s, further demonstrating the absence of any real privilege or privacy concerns over the Witness-1 Devices. *See* Gov. Apr. 14 Ltr. at 1 (noting the government is engaging in further review of the iPhone 6s "based on consent from Witness-1"). Moreover, the government's purported privacy argument was squarely considered and rejected in *Savedoff*, where the court held that "the protective order already in place suffices to allay the Government's [privacy] concern." 2017 WL 2305751, at *2. The protective order entered in this matter commands the same outcome.

May 19, 2021
Page 3

LATHAM&WATKINS LLP

Accordingly, we again demand that the Witness-1 Devices be made immediately available for inspection.  Please let us know your position on this request by May 21, 2021.  If the government does not agree to provide the Witness-1 Devices for inspection, we intend to move the Court for the appropriate relief.

         B.     *Brady* and *Giglio* Material

Based on the government's May 7 letter, we are at an impasse regarding the government's obligation to review the CFTC's investigatory files for *Brady* and *Giglio* material and to produce such material to Mr. Reed.  We intend to move the Court for relief.

         C.     Taint Team and Technical Production Issues

Mr. Reed is in receipt of the government's responses in its May 7 letter to the questions posed in our May 3 letter regarding the government's use of a Taint Team and technical production issues.  These responses raise more questions than they answer, and Mr. Reed reserves all rights to address these issues with the government and, as necessary, with the Court.

*        *        *

We are available to discuss at your convenience.

Very truly yours,

/s/ Douglas K. Yatter
Douglas K. Yatter
Benjamin A. Naftalis
of LATHAM & WATKINS LLP