# EXHIBIT B



**Akin Gump**

STRAUSS HAUER & FELD LLP

**JAMES JOSEPH BENJAMIN, JR.**
+1 212.872.8091/fax: +1 212.872.1002
jbenjamin@akingump.com

April 19, 2021

<u>**VIA E-MAIL**</u>

Jessica Greenwood
Samuel Raymond
Assistant United States Attorneys
United States Attorney's Office
1 St. Andrew's Plaza
New York, New York 10007

Re:     <u>***United States v. Hayes et al.***</u>, No. 20 Cr. 500

Dear Ms. Greenwood and Mr. Raymond:

Pursuant to the Federal Rules of Criminal Procedure, applicable case law, including *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Court's Orders pursuant to Fed. R. Crim. P. 5(f) (Dec. 11, 2020 Order, Dkt. 24), and consistent with due process requirements, Defendant Arthur Hayes ("Defendant") requests the production of all discovery, including but not limited to the materials described below.  We understand that production by the government is forthcoming, and we may have additional requests in the future.  To avoid duplicative productions, we are available to meet and confer regarding a process by which materials already produced to Co-Defendants Samuel Reed and Ben Delo can be made available to Defendant.

To the extent that certain of the requests apply to information or disclosures that concern trial testimony or other information that the government does not now have in its possession, custody, or control, we request that such information or disclosures be produced as soon as the government does come into possession, custody, or control of such information or disclosures. Each of the following requests is of a continuing nature and calls for supplementation as soon as the government discovers additional responsive evidence, information, or material.

1.     <u>Defendant's Prior Record</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Defendant requests that the government provide a copy of any prior criminal record of Defendant, which is within the government's possession, custody, or control or which the government through the exercise of due diligence could know exists.



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 2

2.    <u>Statements</u>:

a.    The substance of any relevant oral statements made by Defendant, before or after arrest, in response to interrogation by a person Defendant knew was a government agent, if the government intends to use the statement at trial, pursuant to Fed. R. Crim. P. 16(a)(1)(A);

b.    Defendant's written or recorded statements that are within the government's possession, custody, or control, if the United States Attorney's Office knows, or through due diligence could know, that the statements exist, pursuant to Fed. R. Crim. P. 16(a)(1)(B)(i);

c.    The portion of any written record containing the substance of any relevant oral statement made before or after arrest if Defendant made the statement in response to interrogation by a person Defendant knew was a government agent, pursuant to Fed. R. Crim. P. 16(a)(1)(B)(ii);

d.    Defendant's recorded testimony before a grand jury relating to the charged offenses, pursuant to Fed. R. Crim. P. 16(a)(1)(B)(iii);

e.    Statements of alleged co-conspirators, which the government may assert are admissible under Fed. R. Evid. 801(d)(2)(E);

f.    Statements of government witnesses who have testified on direct examination pursuant to, and as limited by, Fed. R. Crim. P. 26.2;

g.    Catch-All Hearsay Exceptions:  Rule 807 requires notice of hearsay testimony, which an adverse party seeks to offer under the catch-all exception; and

h.    *Bruton* Statements: Statements that may be admissible against any indicted or unindicted co-defendant.



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 3

3.    <u>Objects</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Defendant requests the opportunity to inspect and copy tangible objects within the government's possession, custody, or control, which fall within the scope of the Rule.

4.    <u>Digital Media</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Defendant requests the opportunity to inspect and copy digital media within the government's possession, custody, or control, which fall within the scope of the Rule, including Witness-1's hard drive.

5.    <u>Reports of Examinations and Tests</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Defendant requests the opportunity to inspect and copy the results or reports of any physical or mental examination as provided for in the Rule.

6.    <u>Expert Witnesses</u>:  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), Defendant requests disclosure of any expert witnesses, a summary of the testimony they will offer, the bases and reasons for those opinions, and the witness's qualifications.

7.    <u>Electronic Surveillance and Recorded Statements</u>:  Defendant requests all evidence derived by electronic surveillance and all statements made by Defendant and any alleged co-conspirators during tape-recorded, wire-tapped, or eavesdropped conversations.  This request includes disclosure of any logs, tapes, transcripts, notes, and memoranda of any such conversations.

8.    <u>Arrest Reports, Notes, Or Any Recording</u>:  Defendant requests any arrest or investigation reports, notes, and any recording of his arrest and any questioning.

9.    <u>Disclosure of Informants or Cooperating Witnesses</u>:  Pursuant to Fed. R. Crim. P. 12 and 16, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Court's December 11, 2020 Order (Dkt. 24) pursuant to Fed. R. Crim. P. 5(f), and other applicable case law, Defendant requests information regarding the informants or witnesses who provided information in this case.  This information should include, at a minimum, the identity of any informants or cooperating witnesses and their location.



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 4

10.  <u>Promises and Plea Bargains of Government Witnesses</u>:  Pursuant to Fed. R. Crim.
     P. 12 and 16, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States,*
     405 U.S. 150, 154 (1972), and the Court's December 11, 2020 Order (Dkt. 24)
     pursuant to Fed. R. Crim. P. 5(f), Defendant requests disclosure of any promises,
     whether express or implied, direct or indirect, of any benefit to be conferred,
     including a monetary benefit, and/or assurance not to prosecute or leniency made
     in writing or orally to such persons and the substance of any statements or
     discussions regarding leniency, compensation, or assurance not to prosecute.  Any
     record of such should be disclosed.

11.  <u>Disclosure of Information Regarding Government Witnesses</u>:  Pursuant to *Brady
     v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 154
     (1972), and related authority, as well as the Court's December 11, 2020 Order
     (Dkt. 24) pursuant to Fed. R. Crim. P. 5(f), and without limiting the requisite
     disclosures in any way, Defendant requests the following information regarding
     government witnesses:

     a.  Witness names and addresses;

     b.  Evidence of bias or motive to lie;

     c.  Impeachment evidence;

     d.  Evidence the government may offer pursuant to Fed. R. Evid. 403 and
         404(b);

     e.  Evidence of any charges, indictments, criminal investigation, probation,
         parole, or offenses known to the government for which any witness or
         potential witness has not been charged; and

     f.  Evidence tending to show that any prospective witness's perception,
         recollection, ability to communicate, or tell the truth is impaired.

12.  <u>Material Received from the CFTC</u>:  Pursuant to *United States v. Gupta*, 848 F.
     Supp. 2d 491, 495 (S.D.N.Y. 2012), *United States v. Martoma*, 990 F. Supp. 2d
     458, 496 (S.D.N.Y. 2014), and related authority, Defendant requests any and all
     materials received, or which may be received in the future, by your office from



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 5

the Commodity Futures Trading Commission ("CFTC") in connection with this matter, including, but not limited to, email, text messages and other correspondence between the CFTC and the government, as well as notes or memoranda of meetings, telephone conversations, video conferences or any other mode of communication.

13.    Exculpatory and Impeaching Evidence:  Pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972), *United States v. Martoma*, 990 F. Supp. 2d 458, 496 (S.D.N.Y. 2014), the Court's December 11, 2020 Order (Dkt. 24) pursuant to Fed. R. Crim. P. 5(f), and related authority, Defendant requests any and all materials known to the government, or which may become known to the government, or which through due diligence may be learned from the investigating officers of the government or the witnesses or persons having knowledge of this case that is exculpatory in nature or favorable to Defendant or that may serve to mitigate punishment.  We note that this request includes, but is not limited to, any such materials in the possession, custody or control of the CFTC.

14.    Jencks Act Material:  Defendant requests pretrial production of material to which he is entitled pursuant to Fed. R. Crim. P. 26.2 and the Jencks Act, 18 U.S.C. § 3500.  To the extent Jencks Act material contains *Giglio* or other *Brady* material, we remind the government that the Court's December 11, 2020 Order provides that such material must be disclosed "sufficiently in advance of trial in order for the defendant[] to make effective use of it at trial."

We also request a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.  As you know, a bill of particulars is necessary where the charges of an indictment are "so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Rajaratnam*, 2010 WL 2788168, at *1 (S.D.N.Y. July 13, 2010) (quoting *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007)).  Specifically, the government should:

1.    Identify the "thousands of customers located in the United States" and the "internal BitMEX records reflect[ing] thousands of BitMEX accounts with United States location information that were enabled for trading" referenced in paragraphs 2 and 18 of the Indictment.



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 6

2. Identify the "cryptocurrency futures and swaps from customers located in the United States" referenced in paragraph 17 of the Indictment.

3. Identify all customers "located in the United States" with whom Gregory Dwyer "and others" interacted referenced in paragraphs 19 and 33(a) of the Indictment.

4. Identify all "affirmative steps" referenced in paragraphs 21 and 22 of the Indictment that Defendant took that were "designed to exempt BitMEX from the application of U.S. laws like AML and KYC requirements."

5. Identify the "internal BitMEX reports" referenced in paragraph 24 of the Indictment that "identified customers located in Iran."

6. Identify the specific communication referenced in paragraphs 24 and 33(c) of the Indictment in which Defendant was "notified of claims that BitMEX was being used to launder the proceeds of a cryptocurrency hack."

7. Identify the customers and any communications with "customers who self-identified as Iranian" and with whom Defendant allegedly "personally communicated" referenced in paragraph 24 of the Indictment.

8. Identify the alleged U.S. customers who accessed the platform "into in or about 2018" referenced in paragraph 26 of the Indictment.

9. Identify the specific "internal BitMEX reports" referenced in paragraph 27 of the Indictment, "which tracked and reported trading revenue by country monthly."

10. Identify the alleged "reports identifying U.S. customers on the platform" referenced in paragraph 27 of the Indictment.

11. Identify the "potential and existing customers based in the U.S." referenced in paragraph 29 of the Indictment with whom Defendant met in the United States.

12. Identify the specific communication referenced in paragraph 29 of the Indictment in which Defendant declared a "stunt" to be "a success based on the coverage from U.S. news media."



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 7

13.    Identify the specific appearances referenced in paragraph 29 of the Indictment in which Defendant "promoted BitMEX."

14.    Identify the "known customers who resided in the United States" referenced in paragraph 33(b) of the Indictment whom Defendant allowed "to obtain or maintain access to BitMEX in violation of its purported U.S. user ban."

15.    Particularize the allegations regarding the policies, procedures, rules, regulations, or statutes that Defendant and/or BitMEX failed to follow to avoid the CFTC registration requirement referenced in paragraphs 6 and 18 of the Indictment and the AML and KYC requirements referenced in paragraphs 4, 7, 8, 21, 22, 24, 25, 30, and 32 of the Indictment.

16.    Particularize the allegations regarding the means by which "BitMEX has actively sought to, and has in fact, served thousands of customers in the United States" referenced in paragraph 2 of the Indictment.

17.    Particularize the allegations regarding the alleged notification "of claims that BitMEX was being used to launder the proceeds of a cryptocurrency hack" referenced in paragraph 24 of the Indictment.

18.    Particularize how, where and when, as alleged in paragraph 25 of the Indictment, Defendant "actively encouraged or allowed BitMEX to be accessed and used by U.S. customers" and "failed to take steps to effectively restrict U.S. customers from accessing BitMEX.

19.    Particularize how, where and when, as alleged in paragraph 28 of the Indictment, Defendant "undermine[d] the effectiveness of the IP Address Check, by among other methods, providing an anonymous means of accessing the platform, through the Tor network."

20.    Particularize how, where and when, as alleged in paragraph 28 of the Indictment, Defendant knew that VPN services "allowed U.S. customers to circumvent the IP Address Check."

21.    Identify all alleged co-conspirators.



Jessica Greenwood
Samuel Raymond
April 19, 2021
Page 8

    22.    Identify all information the government intends to rely on to show the existence
           of an agreement between and among Defendant and all alleged, known, and
           unknown, co-conspirators.

Thank you for your prompt attention to these requests.



                                    Sincerely,



                                    James Joseph Benjamin, Jr.