UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                               :

  UNITED STATES OF AMERICA          :

                                           :

                - v. -              :

                                         :

  ARTHUR HAYES, et al.,             :

                                         :

                Defendants.       :           20 Cr. 500 (JGK)

                                         :

                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

## THE GOVERNMENT'S REQUESTS TO CHARGE

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 3
GENERAL INSTRUCTIONS ....................................................................................... 4
**Request #1.**        Court's Usual Instructions ........................................................ 4
INSTRUCTIONS REGARDING THE CHARGES ...................................................... 5
**Request #2.**        Summary of the Indictment .................................................... 5
**Request #3.**        Consider Each Defendant Separately ..................................... 6
**Request #4.**        Multiple Counts, Multiple Defendants ................................... 7
**Request #5.**        Count One:  Violation of the Bank Secrecy Act .................. 8
**Request #6.**        Count One, First Element:  Covered Financial Institution: Futures Commission Merchant ..................................................................................... 9
**Request #7.**        Count One, First Element:  Definitions ................................ 11
**Request #8.**        Count One, Second Element:  Anti-Money Laundering and KYC Requirement 13
**Request #9.**        Count One, Third Element:  Caused, or Aided and Abetted ........................... 15
**Request #10.**       Count One, Fourth Element:  Willfully .................................. 17
**Request #11.**       Count Two: Elements ............................................................ 18
**Request #12.**       Count Two, First Element:  Existence of the Conspiracy ............................ 19
**Request #13.**       Count Two, First Element:  Object of the Conspiracy ................................. 20
**Request #14.**       Count Two, Second Element:  Participation in the Conspiracy .................... 21
**Request #15.**       Count Two, Third Element:  Overt Act .................................. 23
**Request #16.**       Count Two: Liability for Acts and Declarations of Co-Conspirators ............ 25
**Request #17.**       Conscious Avoidance .......................................................... 26
**Request #18.**       Venue ................................................................................... 28
**Request #19.**       Variance in Dates ................................................................ 30
OTHER INSTRUCTIONS ............................................................................................ 31
**Request #20.**       Particular Investigative Techniques Not Required ........................... 31
**Request #21.**       Redactions ........................................................................... 32
**Request #22.**       Stipulations ......................................................................... 33
**Request #23.**       Charts and Summaries .......................................................... 34
**Request #24.**       Improper Considerations ...................................................... 35
**Request #25.**       Preparation of Witnesses ..................................................... 36
**Request #26.**       Cooperating Witnesses and Non-Prosecution Witnesses .............. 37
**Request #27.**       Immunized Witnesses .......................................................... 39
**Request #28.**       Persons Not On Trial ............................................................ 41
**Request #29.**       Law Enforcement Witnesses ................................................ 42
**Request #30.**       Uncalled Witnesses—Equally Available to Both Sides ................ 43
**Request #31.**       Expert Witnesses ................................................................. 44
**Request #32.**       Defendant's Testimony ......................................................... 46
**Request #33.**       Defendant's Right Not to Testify ......................................... 47
**Request #34.**       Reliance on Advice of Counsel ............................................ 48
**Request #35.**       Use of Transcripts ............................................................... 49
**Request #36.**       Use of Evidence From Searches ........................................... 50
**Request #37.**       Conclusion ........................................................................... 51

**INTRODUCTION**

Pursuant to Rule 30, the United States respectfully submits the enclosed requests to charge the jury.

## GENERAL INSTRUCTIONS

### Request #1.    Court's Usual Instructions

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.    Roles of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Jury's Recollection Controls

g.    Inferences

h.    Government Treated Like Any Other Party

i.    Definitions and Examples of Direct and Circumstantial Evidence

j.    Credibility of Witnesses

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Sympathy:  Oath as Jurors

m.    Interest in Outcome

n.    Punishment Is Not to Be Considered by the Jury

o.    Verdict of Guilt or Innocence Must be Unanimous

p.    Note-Taking by Jurors

q.    Duty to Base Verdict on Evidence

r.    Improper Considerations

s.    Motions, Objections, and Questions by the Court

## INSTRUCTIONS REGARDING THE CHARGES

### Request #2.     Summary of the Indictment

The defendants, ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, and GREGORY DWYER, have been formally charged in a document called an Indictment. The Indictment charges the defendants in two counts.  You will have a copy of the Indictment with you in the jury room and can read each count in its entirety.  I am going to provide only a brief summary now:

Count One charges HAYES, DELO, REED, and DWYER with causing, or aiding and abetting, BitMex's failure to implement an anti-money laundering program in violation of the Bank Secrecy Act.

Count Two charges HAYES, DELO, REED, and DWYER with conspiracy to commit such a violation of the Bank Secrecy Act.

**Request #3.    Consider Each Defendant Separately**

The Indictment names as defendants ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, and GREGORY DWYER, who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

[IF APPLICABLE]

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations as to the other defendant.

**Request #4.    Multiple Counts, Multiple Defendants**

As I mentioned, the Indictment contains two counts and charges four defendants.

You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately.  You must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind again that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count in which he is charged, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.

**Request #5.    Count One:  Violation of the Bank Secrecy Act**

I will now instruct you on the elements of the crimes with which the defendants are charged in the Indictment.

Count One charges ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, and GREGORY DWYER with willfully violating the Bank Secrecy Act by causing BitMEX to fail to establish and implement an anti-money laundering program from September 2015 through September 2020.

In order to find a defendant guilty on Count One, you must find that the Government has proven each of the following elements beyond a reasonable doubt as to that defendant:

<u>First</u>, that BitMEX was a covered financial institution operating within the United States;

<u>Second</u>, that BitMEX failed to implement an anti-money laundering program consistent with the Bank Secrecy Act;

<u>Third</u>, that the defendant caused, or aided and abetted, the failure to implement an anti-money laundering program; and

<u>Fourth</u>, that the defendant acted willfully.

Let me explain each of these elements in more detail.

Sources: 31 U.S.C. §§ 5318 (h)(1) and (l) (requirement for covered financial institutions to have anti-money laundering program); 31 U.S.C. § 5322(a) (willful violations); 18 U.S.C. § 2 (aiding and abetting); *United States v. Linares*, 15 Cr. 71 (M.D. La. 2016) (Tr. 359) (BSA jury charge).

**Request #6.    Count One, First Element:**
**Covered Financial Institution: Futures Commission Merchant**

This charge involves a law known as the Bank Secrecy Act and its accompanying regulations.  This is a federal law that requires certain financial institutions to establish anti-money laundering programs. One such financial institution that is required to establish those programs is called a futures commission merchant, if it is operating within the United States.

A company is a futures commission merchant if it solicits or accepts orders for certain types of transactions including futures, swaps, or retail commodity transactions, and in connection with such activity accepts any money or property to margin, guarantee, or secure any resulting trades or contracts.

If a futures commission merchant solicits or markets to United States customers, or knows or has reason to know that it has United States customers, or maintains an office or conducts business in the United States, then it is operating in the United States for purposes of this law.

I instruct you that virtual currencies or cryptocurrencies, including Bitcoin, are "commodities" for purposes of this law. I also instruct you that virtual currencies or cryptocurrencies, including Bitcoin, constitute money or property for purposes of this law.

Thus, if a company (1) solicits or accepts orders for virtual currency futures, swaps, or retail commodity transactions, (2) accepts money or property to margin, guarantee, or secure these trades or contracts, and (3) markets these services to United States customers, or knows or has reason to know that it has United States customers, or maintains an office or conducts business in the United States, then it is a futures commission merchant and is subject to the requirements of the Bank Secrecy Act.

Sources: 31 U.S.C. §§ 5312(c) (financial institution includes futures commission merchant); 7 U.S.C. § 1a(28) (definition of futures commission merchant); *CFTC*

*v. Gelfman Blueprint, Inc.*, Case No. 17-7181 (PKC), 2018 WL 6320656, ¶ 75 (S.D.N.Y. Oct. 16, 2018) (conclusion of law that "virtual currencies such as Bitcoin are encompassed in the definition of 'commodity' under [the CEA]"); *CFTC v. McDonnell*, 287 F.Supp.3d 213, 217 (E.D.N.Y. 2018) (holding that virtual currency is properly regulated by the CFTC as a commodity); *CFTC v. 1pool Ltd.*, 2019 WL 1605201, ¶ 45 (D.D.C. Mar. 4, 2019) (entity marketing or conducting Bitcoin futures business to U.S. customers is FCM if its activities fall within jurisdictional scope of 7 U.S.C. § 6); 7 U.S.C. § 6 (jurisdictional reach of CEA extends to persons who "offer to enter into, to enter into, to execute, to confirm the execution of, or to conduct any office or business anywhere in the United States, its territories or possessions, for the purpose of soliciting or accepting any order for, or otherwise dealing in, any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery").

**Request #7.    Count One, First Element:**
**Definitions**

You have heard testimony regarding how futures, swaps, and retail commodity transactions function in the marketplace.

> [**Note:** The Government has discussed with defense counsel whether the defendants will dispute that the trades offered on the BitMEX platform meet the legal definition of futures, swaps, or retail commodity transactions, and the defendants have indicated that they expect this issue to be contested. If this issue is not contested at trial, the Government proposes the following instruction.]

I instruct you that the contracts and trades that were offered on the BitMEX platform during the relevant time period included futures, swaps, and retail commodity transactions for Bitcoin and other virtual currencies and cryptocurrencies, and that BitMEX accepted property to margin, guarantee or secure these trades or contracts.

> [In the alternative, if there is a dispute that BitMEX was offering these products, the Government offers the following definitions.]

> Let me explain what some of those terms mean.

A future is an agreement to purchase or sell a commodity or security for future delivery.

A swap is an agreement or contract for a purchase, sale, payment, or exchange of payments based on the value of an underlying commodity, currency, interest rate, or other financial or economic interest or property.

A retail commodity transaction is a transaction in a commodity that is entered into with, or offered to, a retail customer on a leveraged or margined basis.

A retail customer is a person who does not have at least $10,000,000 in net worth.

Leverage is the ability to transact in large dollar amounts of a commodity with a comparatively small amount of capital.

Margin is money, securities, or property posted by a customer to a futures commission merchant to cover potential future losses arising from changes in the market value of the customer's position.

> Sources: 7 U.S.C. § 1a(17), (18), (28), (44), (45), and (47) (definitions of eligible commercial entities, eligible contract participants, futures commission merchant, future, security future and security futures product, and swap); 7 U.S.C. § 2(c)(2)(D)(i) (definition of retail commodity transaction); 17 C.F.R. § 1.3 (definition of margin).

**Request #8.    Count One, Second Element:**
**Anti-Money Laundering and KYC Requirement**

A financial institution, in this case a futures commission merchant, is required to establish and maintain anti-money laundering programs. These programs must include, at a minimum:

1) Policies, procedures, and controls reasonably designed to prevent the institution from being used for money laundering or the financing of terrorist activities;

2) Independent compliance testing;

3) Designation of an individual or individuals responsible for implementing and monitoring the policy;

4) Ongoing training for appropriate employees; and

5) Appropriate risk-based procedures for conducting ongoing customer due diligence.

As part of its anti-money laundering program, the law requires a futures commission merchant to have a written "know your customer" program, or "KYC" program, appropriate for the company's size and business. The KYC program must include risk-based procedures for verifying the identity of each customer. At a minimum, these procedures must include obtaining the name, date of birth, address, and a government identification number of each customer prior to account opening, and procedures to verify that information in a reasonable time. The KYC program must also include procedures for determining whether a customer is on a list of suspected terrorists issued by the federal government.

The law also requires a futures commission merchant to file suspicious activity reports, or "SARs," if the institution knows, suspects, or has reason to suspect that a transaction involving funds or assets of at least $5,000 involves funds derived from illegal

activity, or if a transaction is designed to hide the proceeds of illegal activity, to facilitate criminal activity, to evade reporting requirements, or has no apparent business or lawful purpose.

> Sources: 31 U.S.C. § 5318(h) (requirement to have anti-money laundering program); 31 C.F.R. § 1026.210 (minimal requirements for anti-money laundering program for futures commission merchant); 31 U.S.C. § 5318(l) (requirement to have KYC procedures); 31 C.F.R. § 1026.220 (minimal requirements for KYC program for futures commission merchant); 31 C.F.R. § 1026.320 (requirement for futures commission merchant to file SARs).

### Request #9.    Count One, Third Element:
### Caused, or Aided and Abetted

With respect to Count One, the Indictment charges that the individual defendants caused, or aided and abetted, BitMEX's failure to implement an anti-money laundering policy.  I will explain each of these concepts now.

First, under federal law, whoever willfully causes another person or entity to commit an offense against the United States is also guilty of that offense.

I will explain in a moment what it means to do something "willfully."

Second, aiding and abetting is another theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he personally had committed it.  You may, therefore, find the defendant you are considering guilty of the substantive crime if you find beyond a reasonable doubt that the government has proven that BitMEX actually committed the crime, and that the defendant knowingly aided and abetted BitMEX in the commission of the offense.

As you can see, the first requirement is that BitMEX has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal act of another if no crime was committed by another person or entity.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated him or herself in some way with the crime, and that the defendant willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether a defendant aided or abetted the commission of the substantive counts of violating the Bank Secrecy Act, ask yourselves these questions: Did he participate in the crime charged as something he wished to bring about? Did he associate himself with the criminal venture, knowingly and willfully and with the specific intent to commit the crime? And did he seek by his actions to make the criminal venture succeed?

If the defendant did, then he is an aider and abettor and therefore guilty of the offense.

In order to find the individual defendant you are considering guilty of the offense, you must find that the defendant either willfully caused the violation, or aided and abetted the violation.

Sources: *United States v. Attila* (RMB), Tr. 2388-90; Sand, *Modern Federal Jury Instructions*, Instrs. 11-1, 11-2. *See Rosemond* v. *United States*, 134 S. Ct. 1240, 1243 (2014).

**Request #10.  Count One, Fourth Element:**
**Willfully**

The fourth element of Count One is that the defendant you are considering acted willfully in causing or aiding and abetting BitMEX's failure to implement an anti-money laundering policy. To establish that the defendant acted willfully, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.

A willful violation of the requirement to have an anti-money laundering policy can only occur if the Government proves beyond a reasonable doubt that the defendant knew of the requirement and intentionally caused or aided and abetted BitMEX's violation of it.

> Sources:  *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994) ("To establish that a defendant 'willfully violated' [an offense under 31 U.S.C. § 5322], the Government must prove that the defendant acted with knowledge that his conduct was unlawful."); *United States v. Robins*, 673 Fed. Appx. 13 (2d Cir. 2016) (willfulness requirement of 31 U.S.C. § 5322 requires defendant's "knowledge that it was unlawful" to fail to comply with regulation); Sand, Instruction 50B-11.

**Request #11.  Count Two: Elements**

Count Two charges ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, and GREGORY DWYER with participating in a conspiracy to violate the Bank Secrecy Act from September 2015 through September 2020.

In order to find a defendant guilty on Count Two, you must find that the Government has proven each of the following elements beyond a reasonable doubt as to that defendant:

First, that there was an agreement between two or more persons to violate a law of the United States;

Second, that the defendant you are considering intentionally and knowingly participated as a member of that conspiracy; that is, he knowingly associated himself unlawfully with and participated in the charged conspiracy;

Third, that any one of the conspirators knowingly committed or caused to be committed at least one overt act in furtherance of the conspiracy.

Let us consider each of the three elements in further detail.

Sources: *United States v. Atilla*, Tr. 2391; Sand, Instruction 19-3

**Request #12.  Count Two, First Element:**
**Existence of the Conspiracy**

How do you determine whether a conspiracy "existed"?  Simply defined, a conspiracy is an agreement between two or more persons to violate the law.  To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract.  It is sufficient if two or more persons, in any manner, come to a common understanding to violate the law. They need not explicitly say what they agree to do or use any other explicit language to indicate their agreement.  In determining whether they have agreed to commit a crime, you may look at all of their conduct and determine whether it reflects an intent to carry out a common criminal purpose.  The old saying "actions speak louder than words" applies here.

If, upon consideration of all the evidence, direct and circumstantial, you find that the Government has proven beyond a reasonable doubt that there was a meeting of the minds or agreement between two or more persons to commit the crime that is the object of the conspiracy charged in Count Two, then proof of the existence of a conspiracy is established.  Mere discussions about crimes or mere knowledge of crimes without an agreement to commit them is not a conspiracy.

It is not necessary that the members of a conspiracy actually succeed in carrying out their criminal scheme for you to conclude that the conspiracy existed.  Even if it should fail in its purpose, a conspiracy is still a crime.  It is the agreement itself—the agreement between two or more persons to commit a crime—that the law forbids and defines as a separate criminal offense.

Sources: *United States v. Atilla*, Tr. 2393-2395.

**Request #13.  Count Two, First Element:**
**Object of the Conspiracy**

In this case, ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, and

GREGORY DWYER are charged in Count Two with conspiring to violate the Bank

Secrecy Act from September 2015 through September 2020, which is the crime charged in

Count One.  In order words, the object or goal of the charged conspiracy was to cause

BitMEX to fail to implement an anti-money laundering program as required by law.  I

have explained the elements of violating the Bank Secrecy Act in my instructions for

Count One.

**Request #14.    Count Two, Second Element:**
**Participation in the Conspiracy**

The second element of Count Two that the Government must prove beyond a reasonable doubt is that the defendants intentionally and knowingly were members of that conspiracy.

A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the person's conscious objective.  Engaging in acts that happen to further the purpose of the conspiracy, without knowing or intending to further the illegal goal of the conspiracy, is not sufficient to make someone a member of a conspiracy.

The participation of the defendant whom you are considering in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of other alleged co-conspirators and the reasonable inferences that may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the detail and scope of the conspiracy in order to justify an inference of knowledge on his part.  However, the Government must prove that the defendant you are considering knowingly and intentionally participated as a member of the conspiracy while being aware of and intending to further its illegal purpose: to cause BitMEX to fail to implement an anti-money laundering program.

The extent of each defendant's participation in the conspiracy has no bearing on the issue of guilt. It does not matter whether their roles in the conspiracy may have been more limited than or different in nature from the roles of their co-conspirators. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you that a defendant's mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make the defendant a member. More is required under the law.

What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. The Government is not required to prove that the members of the alleged conspiracy were successful in achieving any or all of the objects of the conspiracy.

Sources: *United States v. Moore*, 18 Cr. 759 (RMB), Tr. 864-86.

**Request #15.    Count Two, Third Element:**
**Overt Act**

Let me now turn to the third element of the conspiracy alleged in Count Two, the requirement of an overt act.

Count Two requires the Government to prove beyond a reasonable doubt that at least one co-conspirator committed at least one overt act in furtherance of the conspiracy. The overt act element requires the Government to show something more than mere agreement; it must show that some overt step or action was taken by at least one of the conspirators in furtherance of the conspiracy. In other words, the Government must show that the agreement went beyond the mere talking stage. It must show that at least one of the conspirators actually did something in furtherance of the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove any particular overt acts. Nor does the Government have to prove that it was one of the defendants who committed the overt act. It is sufficient for the Government to show that any member of the conspiracy knowingly committed some overt act in furtherance of the conspiracy. The overt act need not even be one that is alleged in the Indictment. Rather it can be any overt act, whether alleged in the Indictment or not, if you are convinced beyond a reasonable doubt that the act occurred while the conspiracy was still in existence and was done in furtherance of the conspiracy. In addition, you need not be unanimous as to which overt act you find to have been committed. It is sufficient as long as all of you find that at least one overt act was committed by one of the conspirators in furtherance of the conspiracy.

Sources: *United States v. Lebedev*, 15 Cr. 769 (AJN), Tr. 4193-94. *See United States v. Shaoul*, 41 F.3d 811, 814 (2d Cir. 1994) (affirming instruction that "it is not necessary for you to find that all of the overt acts charged in the indictment were committed. . . . . It is sufficient if you find that any one overt act, whether or

not that overt act is charged in the Indictment, was committed by any conspirator
in furtherance of the conspiracy.").

**Request #16.  Count Two: Liability for Acts and Declarations of Co-Conspirators**

I now want to talk with you about your ability to consider the acts and statements of co-conspirators in evaluating the evidence against ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, and GREGORY DWYER with respect to Count Two.

When people enter into a conspiracy, each and every member of the conspiracy becomes an agent for the others in carrying out the conspiracy.  Accordingly, any reasonably foreseeable act, statement, or omission by any member of the conspiracy, undertaken in furtherance of the conspiracy, is deemed, under the law, to be attributable all of the other members of the conspiracy, and all of the members are responsible for such acts, statements and omissions.

If you find beyond a reasonable doubt that either ARTHUR HAYES, BENJAMIN DELO, SAMUEL REED, or GREGORY DWYER was a member of the conspiracy to violate the Bank Secrecy Act charged in Count Two, then any acts, statements, or omissions by other persons you find were part of the conspiracy may be considered against the defendant you are considering, to the extent that those acts, statements, or omissions were done in furtherance of the conspiracy.  This is so even if such acts, statements, or omissions occurred in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendants' guilt on Count Two, you must first determine that the acts and statements were made during the existence, and in furtherance, of the conspiracy. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendants.

Source: *United States v. Moore*, 18 Cr. 759 (RMB), Tr. 863-64.

**Request #17.  Conscious Avoidance**
[If Applicable]

As I have explained, the charges in this case require that the Government prove that the defendants acted knowingly with respect to certain facts.

In determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him.  I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that the defendant was careless, negligent, or foolish; however, one may not willfully and intentionally remain ignorant of a fact which is material and important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that he was committing a crime, but that the defendant deliberately avoided confirming this fact, such as by intentionally closing his eyes to it or intentionally failing to investigate it, then you may find the defendant acted knowingly; in other words, a defendant cannot avoid criminal responsibility for his own conduct by deliberately closing his eyes or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct.  However, if you find that the defendant had an actual, good faith belief that he was acting properly, he may not be convicted on the count you are considering.  In making this assessment, you may consider whether the defendant's belief was actually reasonable or actually unreasonable in deciding whether he held that belief in good faith.

With respect to the conspiracy count, you must keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one

26

hand, and knowing the specific objects of the conspiracy, on the other. You may consider conscious avoidance in deciding whether a defendant knew the unlawful objectives of a conspiracy, that is, whether a defendant reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crime charged as the object of that conspiracy and deliberately avoided confirming that fact, but participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute for finding that a defendant intentionally joined the conspiracy in the first place. It is logically impossible for a defendant to intend and agree to join an agreement with another person if he does not actually know the agreement exists, and that is the distinction I am drawing.

In sum, if you find that a particular defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he or she acted knowingly with respect to that fact.

> Adopted from *United States v. Moore*, 18 Cr. 759 (RMB), Tr. 32-33; *United States v. Lebedev*, 15 Cr. 769 (AJN); *United States v. Juan Cespedes-Pena*, 14 Cr. 520 (KMW); Sand, Instruction 3A-1.

**Request #18.  Venue**

In addition to all of the elements I have described, you must consider the issue of venue, namely, whether any act in furtherance of each of the charges you are considering occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

In this regard, the Government need not prove that the entirety of the charged crime was committed in the Southern District of New York, or that any defendant was present here.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged – that is, any act that caused BitMEX to operate, or aided or abetted BitMEX in operating, as a futures commission merchant without an anti-money laundering program – occurred within the Southern District of New York. The act itself may not necessarily be a criminal act, and the act need not have been taken by the defendant, so long as the act was in furtherance of the crime that you find the defendant committed.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime was committed in this District.

If you find that the Government has failed to prove the venue requirement as to any particular count of the Indictment, then you must acquit the defendant as to that count. You must consider venue as to each count separately.

28

Sources: Sand, Modern Federal Jury Instructions, Instruction 3-11; and from *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010), *United States v. Benito del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012), *United States v. Keshawna Clinton*, 10 Cr. 34 (DLC) (S.D.N.Y. 2011), *United States v. Moore*, 18 Cr. 759 (RMB), and *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010).

**Request #19.  Variance in Dates**

I should also draw your attention to the fact that it does not matter if the Indictment

charges that a specific act occurred on or about a certain date, and the evidence indicates

that, in fact, it was on another date.  The law only requires a substantial similarity between

the dates alleged in the Indictment and the dates established by the evidence.

> Sources: *United States v. Carrero*, 91 Cr. 365 (S.D.N.Y.
> 1991); *United States v. Bello*, 91 Cr. 571 (S.D.N.Y. 1992),
> aff'd mem., 990 F.2d 622 (2d Cir. 1993); *United States v.
> Della Rocca*, 72 Cr. 217 (S.D.N.Y.), aff'd from the bench (2d
> Cir. 1972); *United States v. Koss*, Tr. at 2176, 2179-80, aff'd,
> 506 F.2d 1103 (2d Cir. 1974); *United States v. Lofland*, 75
> Cr. 769 (S.D.N.Y. 1975), aff'd from the bench (2d Cir. 1976);
> and Sand, Modern Federal Jury Instructions, Instruction 3-12.

**OTHER INSTRUCTIONS**
**Request #20.  Particular Investigative Techniques Not Required**
[If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigativge techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern. Your only concern is whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Sources: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010), *United States v. Jose Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011), *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**Request #21.  Redactions**

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or recording was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Sources: *United States v. Adony Nina, et al.*, 13 Cr. 322 (RJS) (S.D.N.Y. 2013).

**Request #22.  Stipulations**

In this case you have also heard evidence in the form of stipulations.  A stipulation of fact is an agreement among the parties that a certain fact or set of facts is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given any stipulated fact.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect or weight to give that testimony.

Sources: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010), *United States v. Leight*, No. 04 Cr. 1372 (SCR) (S.D.N.Y. 2006); *see also* Sand, Instruction 5-6.

**Request #23.  Charts and Summaries**

Some of the exhibits in this case are charts and summaries. The information contained in these charts and summaries is based upon other exhibits admitted in evidence in the case as well as upon testimony presented during the case.  The sources of information for the charts and summaries are noted in the charts and summaries themselves.

The charts and summaries were admitted as visual or organizational aids in order to assist you in considering the evidence.  They are not themselves direct evidence of the charged crime.

Thus, it is the underlying evidence that determines what weight, if any, these charts and summaries deserve.  It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and exhibits on which they are based.  It is also for you to determine what weight to give the underlying evidence. You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.

Source: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

**Request #24.  Improper Considerations**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, gender, sexual orientation or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation or age of any other witness or anyone else involved in this case.  Each defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Source:  *United States v. Kamara*, 01 Cr. 979 (RMB) (S.D.N.Y. 2003).

**Request #25.  Preparation of Witnesses**
[If Applicable]

You heard reference during the trial to the fact that witnesses had discussed the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Source: *United States v. Nelson Solano*, 05 Cr. 563 (LTS)
> (S.D.N.Y. 2010); *United States v. Abdul Latif Abdul Salam*,
> 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**Request #26.  Cooperating Witnesses and Non-Prosecution Witnesses**
[If Applicable]

You've also heard from a witness in this case [insert name(s)], who testified that s/he committed certain crimes, [including crimes charged in the Indictment in this case (if applicable)].  S/he testified pursuant to an agreement to cooperate with the Government [or pursuant to a nonprosecution agreement with the Government, as applicable].

The Government argues, as it is permitted to do, that it must take its witnesses as it finds them.  It argues that frequently only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in and of itself for a conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

It is also the case, however, that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.  The instructions I have given to you regarding credibility of witnesses apply here.  However, let me say a few things to consider during your deliberations on the subject of testimony from a cooperating witness.

You should ask yourself whether [insert name(s)] would benefit more by lying or by telling the truth.  Was the witness's testimony made up in any way because s/eh believed or hoped that s/he would somehow receive favorable treatment by testifying falsely?  Or did s/he believe that her or his interests would best be served by testifying truthfully?

If you believe that [insert name(s)] was motivated by hopes of personal gain, was the motivation one that would cause him/her to lie or was it one that would cause him/her to tell the truth?  Did this motivation color his/her testimony?

You should look at all of the evidence in deciding what credence and what weight, if any, to give an accomplice witness.

Also, you heard testimony about an agreement between the Government and the witness.  I must caution you that it is of no concern of yours why the Government made an agreement with the witness.  Your sole concern is whether the witness has given truthful testimony, in part or in whole, here in this courtroom before you.

Sources: *United States v. Attila* (RMB), Tr. 2370-71.

**Request #27.  Immunized Witnesses**
[If Applicable]

You have heard the testimony of [insert name(s)] who testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with great care. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests.

If after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he is incapable of giving truthful testimony.  Further, it is of no concern of yours why a witness received court-ordered immunity.  Your sole concern is whether a witness has given truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may

accept his testimony in other parts, or may disregard all of it.  That is a determination

entirely for you, the jury.

> Sources: Sand, Instruction 7-8; *see United States v. Gleason*,
> 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out
> that testimony of certain types of witnesses may be suspect
> and should therefore be scrutinized and weighed with care,
> such as that of accomplices or coconspirators . . . it must also
> direct the jury's attention to the fact that it may well find these
> witnesses to be truthful, in whole or in part.") (citations
> omitted), and *United States v. Cheung Kin Ping*, 555 F.2d
> 1069, 1073 (2d Cir. 1977) (same)

**Request #28.  Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person other than the defendants is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Sources: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); *United States v. Jose Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011).

**Request #29.  Law Enforcement Witnesses**

You have heard testimony from law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Sources: Sand, Modern Federal Jury Instructions, Instruction 7-16; *United States v. Cheng Le*, 15 Cr. 38 (AJN) (S.D.N.Y. 2015).

**Request #30.  Uncalled Witnesses—Equally Available to Both Sides**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Sources: Sand, Modern Federal Jury Instructions, Instruction 6-7; *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

**Request #31.  Expert Witnesses**
[If Applicable]

You have heard testimony from what we call an expert witness/expert witnesses, [Insert Names].  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness's testimony.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think it deserves in light of all of the evidence in this case.   If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

44

Source: *United States v. Attilla* (Tr. 2373-74).

**Request #32.  Defendant's Testimony**
[If Applicable]

The defendant in a criminal case never has any duty to testify or come forward

with any evidence.  This is because the burden of proof beyond a reasonable doubt

remains on the Government at all times, and the defendant is presumed innocent.  In this

case, the defendant did testify and he was subject to cross-examination like any other

witness.  You should examine and evaluate the testimony just as you would the testimony

of any other witness.

> Sources: *United States v. Brutus*, 505 F.3d 80, 88 (2d Cir.
> 2007); *United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d
> Cir. 2006).

**Request #33.  Defendant's Right Not to Testify**
[If Applicable]

The defendant did not testify in this trial.  Under our Constitution, a defendant has no obligation to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove a thing.  Of course, a defendant is not required to testify.

You may not attach any significance to the fact that the defendant chose not to testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against him in any way in your deliberations in the jury room.

Sources: *United States v. Jeffrey Otis Redden*, 02 Cr. 1141 (LAK) (S.D.N.Y. July 27, 2004).

**Request #34.  Reliance on Advice of Counsel**
[If Applicable]

You have heard evidence that the defendant received advice from one or more lawyers.  You may consider that evidence in deciding whether the defendant acted willfully and with knowledge.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense.  Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before the lawyer; and whether in good faith the defendant honestly followed any resulting advice from the lawyer, relying upon it and believing it to be correct.  In short, you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts be lawful. If he did so, it is the law that such the defendant cannot be convicted of a crime which involves willful and unlawful intent, even if such advice was inaccurate.

On the other hand, no one can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to the lawyers he consulted, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

Source: Sand, Modern Federal Jury Instructions, Instruction 8-04.

48

**Request #35.  Use of Transcripts**
[If Applicable]

In connection with the recording that was admitted into evidence, a transcript was provided to you as an aid or guide to assist you in listening to the recording.  However, the transcript is not itself evidence.  You should make your own interpretation of the recording based on what you heard.  If you think you heard something differently than what appears on the transcript, then what you heard is controlling.  If you wish to hear the recording again, or see the transcript as an aid, they will be made available to you during your deliberations.

Source: *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

**Request #36.  Use of Evidence From Searches**

[If Applicable]

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained  should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether  the Government has proven the defendant's guilt beyond a reasonable doubt.  As with all evidence, it is for you to determine what weight, if any, to give such evidence.

Source: *United States v. Attilla* (Tr. 2421).

**Request #37.  Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to Counts One through Two of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you have a reasonable doubt as to the defendant's guilt as to a particular charge, you must return a verdict of not guilty as to that charge.  On the other hand, if you find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you must render a verdict of guilty.

Let me remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case

and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.

You are to be guided solely by the evidence presented during the trial and the law as I

have given it to you, without regard to the consequences of your decision.  Both sides are

entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a

just verdict.

> Sources: *United States v. Benito Del Rosario*, 12 Cr. 81
> (KBF) (S.D.N.Y. 2012); *United States v. Soldaro*, 73 Cr. 167
> (S.D.N.Y. 1973); *see also United States v. Corr*, 75 Cr. 803
> (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1976).

*    *    *

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
       December 3, 2021

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney
                              Southern District of New York


                        By:    /s/ Thane Rehn
                              _____
                              Samuel L. Raymond
                              Jessica Greenwood
                              Thane Rehn
                              Assistant United States Attorneys