

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 2, 2022

**BY ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street New York, New York 10007

    Re:    <u>*United States v. Hayes, et al.*</u>**, 20 Cr. 500 (JGK)**

Dear Judge Koeltl:

    The Government submits this letter pursuant to the Court's order dated August 26, 2022, which ordered the Government to file a response to the defendants' joint letter requesting a modification of one of the standard conditions of supervised release.[1] *See* Dkt. No. 398, Dkt. No. 399. Defendants Arthur Hayes, Benjamin Delo, and Samuel Reed have requested a modification of Standard Condition Number 8, which requires no contact with someone who has been convicted of a felony without the permission of the probation officer. Specifically, the defendants have requested that this condition not apply to their co-defendant, Gregory Dwyer. The defendants' letter to the Court does not identify any basis for modification of this condition.

    By way of background, Hayes, Delo, and Reed each requested a modification of Standard Condition Number 8 at the time of their sentencing, to permit communications with each other. Defense counsel represented to the Court that this modification was needed because these three defendants are still joint owners of BitMEX and need to communicate about business decisions. Based on that representation, the Court modified the standard condition and the Government did not object. By contrast, the Government understands that defendant Gregory Dwyer is no longer employed by BitMEX and does not serve on the board or have any business reason to communicate with Hayes, Delo, and Reed. There is no apparent reason to modify Standard Condition Number 8 with respect to Dwyer.

    Although the defendants have not offered the Court any reason for the requested modification with respect to Dwyer, defense counsel previously offered two reasons to the Government. First, defense counsel indicated that this request is because Dwyer has a social relationship with his co-defendants that predates the offense conduct in this case. That is a plainly inadequate reason to relax the standard condition. The condition is based on empirical research finding that crime is a socially conditioned phenomenon, and that a period of supervision in which

---

[1] The Court ordered the Government to file its response by August 30, 2022. The undersigned attorneys were both on trial before the Honorable Ronnie Abrams from August 22, 2022 through September 1, 2022, and apologize that they overlooked the Court's deadline for filing this letter.

a defendant is restricted from contact with his past co-offenders will reduce the likelihood of further crimes. *See, e.g.*, Administrative Office of the United States Courts, Probation and Pretrial Services Office, *Overview of Probation and Supervised Release Conditions*, November 2016, Chapter 1: Social Science Research, available at https://www.uscourts.gov/services-forms/social-science-research-probation-supervised-release-conditions.

This very case exemplifies these research findings, as Dwyer was recruited into this criminal conspiracy by Hayes as an outgrowth of their pre-existing social relationship. Indeed, in almost every criminal conspiracy, the co-conspirators have a prior relationship. It would undermine the purpose of Standard Condition Number 8 to treat a prior relationship among co-conspirators as a basis to modify the condition. The Government did consent to allowing communications among Hayes, Dwyer, and Reed that were represented by defense counsel to be for the limited purpose of business decision-making, but there is no equivalent basis for permitting such communications with Dwyer.

The second reason that defense counsel offered to the Government for this request was that Dwyer is a co-defendant with Hayes, Delo, and Reed in civil litigation. Accordingly, the Government informed defense counsel that it would not object if the defendants requested permission to communicate with Dwyer in the presence of counsel in connection with any litigation in which Dwyer and the other three defendants are joint parties. To the extent that the Court believes that this limited modification would be appropriate, the Government does not object. However, there is no need for any modification beyond that purpose.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Samuel Raymond
Thane Rehn
Assistant United States Attorneys
(212) 637-6519/2354